IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BERNARD KEYS,                           )
                                        )
    Plaintiff,                          )
                                        )
                                        )
VS.                                     )   No. 15-2798-JDT-tmp
                                        )
                                        )
ROBERT MOORE, ET AL.,                   )
                                        )
    Defendants.                         )

ORDER DIRECTING PLAINTIFF TO FILE A SIGNED, AMENDED COMPLAINT
AND
TO COMPLY WITH 28 U.S.C. §§ 1915(a)-(b)
OR PAY THE $400 CIVIL FILING FEE

On December 11, 2015, Plaintiff Bernard Keys, booking number 15136267, an inmate at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed an unsigned, *pro se* document titled "Inmate Grievance Form" and "Affidavit of Complaint." (ECF No. 1.) Although it is not entirely clear whether Plaintiff meant to commence a lawsuit with this document or whether he merely intended to request a form so that he could then file a lawsuit, the Court construes the document as an attempt to file a complaint pursuant to 42 U.S.C. § 1983. However, Plaintiff did not submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed at least three previous civil rights lawsuits while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[1] Therefore, Plaintiff may not file any action in which he proceeds *in forma pauperis* unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). In this case, the unsigned document submitted by Plaintiff is not sufficiently clear for the Court to determine whether Plaintiff has satisfied his burden of showing that he was in imminent danger of serious physical injury when it was filed.

Plaintiff is ORDERED to file, within 30 days after the date of this order, a signed, amended complaint that fully and clearly sets out his claims. Plaintiff is further ORDERED to submit, also within 30 days after the date of this order, either the entire $400 civil filing fee[2] or an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months, as required by the PLRA. The Clerk is directed to mail

---

[1] Plaintiff previously filed *Keys v. Hart,* No. 00-2980-JPM (W.D. Tenn. Nov. 30, 2000) (dismissed as frivolous), *Keys v. Gilless,* 00-3085-JPM (W.D. Tenn. Nov. 30, 2000) (dismissed as frivolous), and *Keys v. Moore*, 13-2212-JDT (W.D. Tenn. Jun. 19, 2013) (dismissed for failure to state a claim).

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if Plaintiff is granted leave to proceed *in forma pauperis*, he will not be liable for the additional $50 fee.

Plaintiff a § 1983 complaint form and a prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.

If Plaintiff pays the entire $400 filing fee, his complaint will be screened pursuant to 28 U.S.C. § 1915A(b). However, if Plaintiff seeks pauper status by submitting the financial documentation required by the PLRA, the Court will first determine, pursuant to § 1915(g), whether the complaint demonstrates that he was in imminent danger of serious physical injury at the time this action was filed.[3]

If Plaintiff fails to timely comply with this order, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). *McGore*, 114 F.3d at 605.[4]

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] If Plaintiff sufficiently alleges that he was in imminent danger of serious physical injury when the case was filed, the Court may grant leave to proceed *in forma pauperis* and assess the filing fee using the PLRA's installment payment procedures. However, if the Court finds Plaintiff has not sufficiently alleged that he was in imminent danger when the case was filed, pauper status will be denied, and Plaintiff will be given another opportunity to pay the entire filing fee.

[4] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).