IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BERNARD KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:15-cv-2798-JDT-tmp |
| | ) | |
| ROBERT MOORE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
DISMISSING CASE AND ASSESSING $400 CIVIL FILING FEE
_____

On December 11, 2015, Plaintiff Bernard Keys, booking number 15136267, who is incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed an unsigned, *pro se* document titled "Inmate Grievance Form" and "Affidavit of Complaint." (ECF No. 1.) Although it is not clear whether Plaintiff meant to commence a lawsuit with this document or whether he merely intended to request a form so that he could then file a lawsuit, the Court construes the document as an attempt to file a complaint pursuant to 42 U.S.C. § 1983. However, Plaintiff did not submit either the $400 civil file fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis.*

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case if filed, *see McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by*

*LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a certification by the prisoner trust account officer and a copy of his trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

The original document submitted by Plaintiff was not accompanied an affidavit to proceed *in forma pauperis* or by a certified copy of his trust account statement. Therefore, the Court issued an order on December 15, 2015, directing Plaintiff to submit a signed, amended complaint and either the entire $400 civil filing fee or an *in forma pauperis* affidavit that included a certified copy of his trust account statement for the last six months. (ECF No. 3.) Plaintiff has not complied with the December 15, 2015 order, and the time for compliance has expired. Therefore, the complaint is hereby DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P.41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore,* 114 F.3d at 601; *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund

officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $400[1] and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District Tennessee,
> 167 N. Main St. Rm. 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he Clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the Plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because leave to proceed *in forma pauperis* has been denied in this case, Plaintiff is liable for the additional $50 fee.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

s/James D. Todd_____<br>
JAMES D. TODD<br>
UNITED STATES DISTRICT JUDGE